# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| LESLIE SANDERS, § § Plaintiff. § § V. § WAL-MART STORES TEXAS, LLC, § § Defendant. § | CIVIL ACTION NO. 4:22-cv-01741 |

## OPINION AND ORDER

Pending before me is a Motion for Summary Judgment filed by Defendant Wal-Mart Stores Texas, LLC ("Walmart"). Dkt. 15. For the reasons stated below, the motion is **DENIED**.

## BACKGROUND

On a rainy morning on January 10, 2021, Plaintiff Leslie Sanders ("Sanders") slipped and fell inside the entryway of a Walmart located in Conroe, Texas. The store's video surveillance camera captured the incident. Walmart employees had placed floor mats and two orange caution cones inside the store to absorb rainwater and warn customers. Sanders entered the store, and walked on the floor mats past the caution cones. When she stepped off the last floor mat, she slipped and fell on the store's wet tile floor.

Seeking to recover damages for her alleged personal injuries, Sanders sued Walmart for "Negligence/Premises Liability." Dkt. 1-2 at 3. Walmart moves for summary judgment, arguing that (1) Sanders's claim sounds in premises liability because there was no contemporaneous, negligent activity on the premises; (2) Walmart owed no duty to warn or protect Sanders from the rainwater on the floor because the water constituted an open and obvious danger; and (3) alternatively, if the open-and-obvious doctrine does not apply, Walmart

satisfied its duty to Sanders by taking reasonable steps to make the area reasonably safe.

## LEGAL STANDARD

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"The movant has the burden of showing that there is no genuine issue of fact." *Id.* at 256. If the movant makes such a showing, "the burden shifts to the non-movant to produce evidence of the existence of such an issue for trial." *Brandon v. Sage Corp.*, 808 F.3d 266, 270 (5th Cir. 2015) (quotation omitted). The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party "must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial to avoid summary judgment." *Brandon*, 808 F.3d at 270 (quotation omitted).

At this stage, I "may not . . . evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes." *Matter of Green*, 968 F.3d 516, 520 (5th Cir. 2020) (quotation omitted). Rather, I "view all facts, and the inferences to be drawn from them, in the light most favorable to the nonmovant." *Brandon*, 808 F.3d at 269 (quotation omitted).

## TEXAS PREMISES LIABILITY LAW

"Generally, premises owners . . . have a duty to protect invitees from, or warn them of, conditions posing unreasonable risks of harm if the owners knew of the conditions or, in the exercise of reasonable care, should have known of them." *Henkel v. Norman*, 441 S.W.3d 249, 251 (Tex. 2014). That said, it is well established that a premises owner is not an insurer of an invitee's safety. *See Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). The Supreme

Court of Texas has repeatedly stressed "that premises owners are not strictly liable for conditions that result in injury." *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 102 (Tex. 2000). Thus, "[t]here is no liability for harm resulting from conditions from which no unreasonable risk was to be anticipated, or from those which the occupier neither knew about nor could have discovered with reasonable care." *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 4 (Tex. 1996) (quoting W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 61, at 426 (5th ed. 1984)).

To prevail on a premises liability claim under Texas law, a plaintiff must establish that: (1) the property owner had actual or constructive knowledge of a condition on the premises; (2) "the condition posed an unreasonable risk of harm"; (3) the property owner "did not exercise reasonable care to reduce or eliminate the risk"; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk proximately caused the plaintiff's injuries. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992).

## ANALYSIS

### A.   SANDERS'S CLAIM SOUNDS IN PREMISES LIABILITY

Walmart first argues that Sanders's claim sounds in premises liability. Sanders does not respond to this argument.

"When distinguishing between a negligent activity and a premises defect, [the Supreme Court of Texas] has focused on whether the injury occurred by or as a contemporaneous result of the activity itself—a negligent activity—or rather by a condition created by the activity—a premises defect." *Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 388 (Tex. 2016). "[S]lip-and-fall claims [are] premises defect cases because the injuries were alleged to have resulted from physical conditions on property." *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 472 (Tex. 2017).

This case stems from a slip-and-fall Sanders experienced at a Walmart. The physical conditions of the store are at issue. No contemporaneous, negligent

activity is even alleged to have occurred at the time of the fall. As such, Sanders's claim sounds in premises liability.

With the nature of Sanders's claim established, I next consider Walmart's arguments with respect to Sanders's premises liability claim.

## B.   THE RAINWATER WAS NOT AN OPEN AND OBVIOUS DANGER

It is firmly established under Texas law that a premises owner has no duty to protect invitees from, or warn against, conditions that are "open and obvious." *Hillis v. McCall*, 602 S.W.3d 436, 440 (Tex. 2020). As the Supreme Court of Texas has explained:

> When the condition is open and obvious or known to the invitee, . . . the landowner is not in a better position to discover it. When invitees are aware of dangerous premises conditions—whether because the danger is obvious or because the landowner provided an adequate warning—the condition will, in most cases, no longer pose an unreasonable risk because the law presumes that invitees will take reasonable measures to protect themselves against known risks, which may include a decision not to accept the invitation to enter onto the landowner's premises.

*Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 203 (Tex. 2015). "Whether a danger is open and obvious is a question of law determined under an objective test." *Los Compadres Pescadores, L.L.C. v. Valdez*, 622 S.W.3d 771, 788 (Tex. 2021). "The question is whether the danger is 'so open and obvious that as a matter of law [Sanders] will be charged with knowledge and appreciation thereof.'" *Id.* (quoting *Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 516 (Tex. 1978)).

Walmart contends that Sanders cannot prevail on her premises liability claim because "the undisputed evidence confirms that it was raining, i.e., an open and obvious condition" on the date of Sanders's slip and fall. Dkt. 15 at 5.

I fully recognize that naturally occurring accumulations of rain "do not create conditions posing an unreasonable risk of harm" because such conditions are "beyond a landowner's control." *Walker v. UME, Inc.*, No. 03-15-00271, 2016 WL 3136878, at *3 (Tex. App.—Austin June 3, 2016, pet. denied). Following this logic, Walmart would have no duty to warn Sanders that she might slip and fall

4

during a rainstorm in those areas where rainwater would naturally accumulate, such as the parking lot or on a sidewalk outside the store. Such hazards are open and obvious. But that is not the situation we have here.

Although Sanders acknowledged that it was "raining" and "wet . . . outside" on the day of the accident, Dkt. 15-1 at 20, she testified that she did not see any water on the store floor prior to her fall. *See id.* at 21–22, 24. Simply because Sanders was "aware of the rainy conditions outside does not, in and of itself, negate [Walmart's] duty to exercise reasonable care" inside the store. *Love v. Starbucks Corp.*, No. SA-17-CA-405, 2018 WL 6588577, *5 (W.D. Tex. Sept. 28, 2018).

> [I]t is undisputed that [Sanders] slipped on a wet floor inside the store, which was caused by rain . . . that had made its way inside the store, either by wind or by being tracked in by customers. This is not a natural location nor is it a natural manner for rain to accumulate.

*Wal-Mart Stores, Inc. v. Sparkman*, No 02-13-00355-cv, 2014 WL 6997166, at *3 (Tex. App—Fort Worth Dec. 11, 2014, pet. denied). "[A]ccumulation of water inside a Walmart is within Walmart's control. This distinction matters under Texas law." *Vaculik v. Wal-Mart Stores, Tex., LLC*, No. H-22-1613, 2023 WL 3184573, at *4 (S.D. Tex. May 1, 2023). Indeed, "Texas courts have consistently found that indoor wet floors can pose an unreasonably dangerous condition." *Sparkman*, 2014 WL 6997166, at *3 (collecting cases); *see also Rosas v. Buddies Food Store*, 518 S.W.2d 534, 538 (Tex. 1975) (holding that a wet floor on a rainy day just inside the grocery store's entrance was not an open and obvious condition).

Walmart relies heavily on *Estes v. Wal-Mart Stores Texas, L.L.C.*, No. 3:16-cv-02057, 2017 WL 2778108 (N.D. Tex. June 27, 2017). In *Estes*, the plaintiff slipped and fell on a puddle of rainwater located in a partially enclosed entryway to a Walmart. *See id.* at *1. The district court found that the puddles of water were open and obvious. *See id.* at 3. But *Estes* is easily distinguishable because the plaintiff there "observed puddles covering the entire entryway before she fell." *Id.* By contrast, Sanders strenuously denies that she saw any water on the tile floor

5

before she fell. *See* Dkt. 15-1 at 21–22, 24. From an objective standpoint, a reasonably prudent person who walks into a big box store would not expect that water would naturally accumulate on the store floor, even on a rainy day.

Accordingly, I find that the danger posed by the water that Sanders slipped on was not open and obvious, meaning Walmart owed Sanders "a duty to make the premises safe or to warn of dangerous conditions as reasonably prudent under the circumstances." *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016). I will next decide whether Walmart satisfied that duty as a matter of law.

## C. WHETHER WALMART MET ITS DUTY TO MAKE THE ENTRYWAY REASONABLY SAFE IS A QUESTION FOR THE JURY TO DECIDE

Next, Walmart contends "the summary judgment evidence establishes that Walmart used reasonable care to reduce or eliminate any potentially dangerous condition that might occur on its premises." Dkt. 15 at 6–7. Walmart relies on the following evidence to show that it exercised the requisite reasonable care: (1) "a path of floor mats on the ground from the entrance of the store, through the vestibule and double doors, to the front end of the store"; and (2) "two safety cones visibly in the area." *Id.* at 7.

In response, Sanders argues that Walmart employees improperly placed the floor mats and left portions of the wet floor exposed. Sanders also contends that, by the time she slipped, she had already passed the two cones in the Walmart entryway, rendering them useless to the danger of the spot where she slipped. In reply, Walmart argues that "[t]he steps Walmart took with mats and warning cones were reasonable, and it discharged any duty it had under Texas law." Dkt. 17 at 1.

"Whether a premises owner or occupier's warning was adequate turns on what is reasonably prudent under the circumstances." *Longoria v. Hobby Lobby Stores, Inc.*, No. 1:16-cv-248, 2017 WL 8682220, at *3 (S.D. Tex. Nov. 1, 2017) (quotation omitted). "If the evidence *conclusively establishes* that the owner adequately warned the plaintiff of the condition, the owner cannot be found negligent as a matter of law." *Id.* (emphasis added) (cleaned up). In this case, the

6

placement of the floor mats and the cones does not conclusively establish that Walmart discharged its duty to Sanders. "[R]easonable jurors could disagree as to whether Walmart's efforts were sufficient to eliminate its duty to [Sanders]." *Vaculik*, 2023 WL 3184573, at *5 (denying summary judgment where slip-and-fall plaintiff argued Walmart's mats were improperly placed and its mopping efforts were insufficient). At the summary judgment stage, "[i]f 'reasonable minds could differ' on 'the import of the evidence,' a court must deny the motion." *Sanchez v. Young Cnty.*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson*, 477 U.S. at 250). Whether Walmart satisfied its duty to Sanders by making the entryway reasonably safe is a question for the jury to decide.

## CONCLUSION

For the reasons discussed above, Walmart's Motion for Summary Judgment (Dkt. 15) is **DENIED**.

SIGNED this 19th day of January 2024.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE